Filed 3/26/26 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCOTT MEINER,<br><br>    Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF<br>ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | G065769<br><br>(Super. Ct. No. 25WF0813)<br><br><br><br>ORDER MODIFYING<br>OPINION; NO CHANGE IN<br>JUDGMENT |

It is hereby ordered that the opinion filed on March 18, 2026, be modified as follows:

On page 2, the first paragraph of the opinion, delete the first sentence and replace with: "In this writ proceeding, Scott Meiner challenges an order denying his motion to quash or traverse a warrant that he alleges was obtained from an illegal probation search."

On page 9, under DISPOSITION, delete the last sentence: "Petitioner shall recover his costs on appeal."

This modification does not change the judgment.

DELANEY, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

Filed 3/18/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCOTT MEINER, | |
| Petitioner, | G065769 |
| v. | (Super. Ct. No. 25WF0813) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate/prohibition; Lewis W. Clapp, Judge. Petition granted. Real-party-in-interest's Motion for Judicial Notice. Granted.

Sara Nakada, Public Defender, Adam Vining, Assistant Public Defender, and Alexander Bartel, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Todd Spitzer, Orange County District Attorney, and Matthew O. Plunkett, Senior Deputy District Attorney, for Real Party in Interest.

\*　　　\*　　　\*

Scott Meiner appeals from an order denying his motion to quash or traverse a warrant that he alleges was obtained from an illegal probation search. Specifically, Meiner contends the search of his Apple Pay account exceeded the scope of his probation search terms, which expressly excluded searches of "financial accounts." As discussed below, we conclude the suppression motion should be, and was brought as, a motion to traverse. Turning to the merits, we conclude an Apple Pay account is excluded from probation searches because it is a "financial account" pursuant to the probation search terms. We thus order the superior court to vacate its order denying the motion to suppress and to enter an order granting it.

STATEMENT OF THE CASE

The underlying facts are not disputed. While investigating whether Meiner was stealing from an auto business by directing customers to send money to him rather than to the business, officers learned Meiner was on probation and had a probation officer. Officers then reviewed Meiner's probation terms, which were provided by his probation officer. As part of probation, Meiner agreed to submit his person, residence, and electronic devices to search at any time with or without warrant, and with or without reasonable cause when required by his probation officer or law enforcement. In an attachment, the probation search terms were limited as follows: "Search authorization does not extend to medical/legal information, financial

2

accounts or transactions, or to any data created before the acceptance of this probation grant."

Officers then went to Meiner's apartment, arrested him and seized his cell phone. After obtaining his cell phone password, officers searched the phone, including, as relevant to this matter, his Apple Pay account. A review of the Apple Pay account showed two linked debit cards, one with Chase and one with Credit One.

Officers then obtained a search warrant for Meiner's Chase and Credit One bank accounts. In the statement of probable cause submitted to the magistrate, the detective handling the investigation stated he was shown "a copy of Meiner's [probation] search terms, which included electronic devices." He did not include the limitation excluding financial accounts. After arresting Meiner, the detective seized his cell phone. The detective also interviewed Meiner who "admitted he would instruct customers to pay him in cash or through his personal banking applications (i.e. Apple Pay, Zelle and Venmo)." The detective stated that after unlocking Meiner's cellphone, he "looked at [Meiner's] Apple Pay, Zelle and Venmo applications. Both the Zelle and Venmo applications were logged out so [the detective] could not gather further evidence." The detective then reviewed several Venmo transfers between customers and Meiner to obtain Meiner's Venmo account information. "While viewing Meiner's Apple Pay application, [the detective] saw two debit cards linked to Apple Pay. One was a Chase debit card . . . the other was a Credit One debit card . . . Apple Pay also has the ability to store cash within the application, known as Apple Cash, for immediate use."

The information returned from Chase and Venmo indicated Meiner had transferred Venmo payments from customers to his Chase account.

On May 22, an information was filed, charging Meiner with three counts of grand theft in violation of Penal Code section 487, subdivision (a). Meiner plead not guilty.

On June 12, Meiner filed a motion to suppress evidence pursuant to Penal Code section 1538.5, and to quash a warrant issued based on the suppressed evidence. In the motion, Meiner argued the officers' search of his Apple Pay account exceeded the scope of his probation search terms, and the evidence obtained, i.e., that he had debit cards with Chase and Credit One, must be suppressed. He then argued that excising this illegally obtained information from the statement of probable cause would leave no probable cause to obtain information from Chase or Credit One.[1]

The People opposed the motion to suppress evidence and to quash the warrant. In its opposition, the district attorney argued the motion is akin to a motion to traverse the search warrant and should follow traversal procedures, which includes making a substantial preliminary showing that the statement of probable cause includes a false statement made "'knowingly and intentionally, or with reckless disregard for the truth," and "'the allegedly false statement is necessary to the finding of probable cause.'" The district attorney then argued that no tainted information was used to obtain the search warrant because Apple Pay is not a "financial account" since

---

[1] Meiner did not challenge the search of his Zelle and Venmo accounts. He explained that, while he believes the Zelle and Venmo searches also violated his Fourth Amendment rights, because no information was discovered from those illegal searches, there was nothing to exclude.

neither Apple nor its affiliates are banks.[2] Additionally, no transactions or other information obtained from the search of Apple Pay, aside from the debit card number and names of the issuing banks, was used in the statement of probable cause. Thus, the motion should be denied.

In reply, Meiner disagreed that the appropriate vehicle to challenge the search warrant is a motion to traverse. He stated he did not bring a motion to traverse because "he is not positing that the information contained in [the application for] the warrant is false or a material misstatement per se. Instead, [he] asserts that information was unlawfully obtained." Nevertheless, he requested the court to consider it as a motion to traverse if it deems it necessary.

As to the merits, Meiner argued the warrant's probable cause is based on tainted information. He disputed the People's argument that "financial accounts" is the same as "bank accounts." Meiner notes his probation search terms reference "financial accounts" and not "bank accounts." Moreover, he argues Apple Pay is a "financial account" because it provides many of the functions of a bank. Finally, even if Apple Pay is not a financial account, it is linked to financial accounts. Thus, the search exceeded the permissible scope of a probation search.

After hearing further arguments, the superior court denied the motion to exclude and to quash the warrant, concluding the search was permitted. The court did not rule on whether the motion should have been deemed a motion to traverse.

---

[2] We grant the People's Request for Judicial Notice that Apple Pay is licensed as a "money transmitter." We note the judicially-noticed evidence also shows Apple Pay is regulated by the Department of Financial Protection and Innovation.

On July 21, Meiner filed a petition for writ of mandate and/or prohibition. He sought an order directing the superior court to vacate its order denying the motion and enter an order granting the motion, or alternatively, an order to show cause (OSC) why the respondent court should not be required to do so. The People filed a preliminary opposition on August 28. This Court issued the OSC on October 2. Thereafter, the People filed a formal return, and Meiner filed a Reply and/or Traverse.

DISCUSSION

Meiner seeks to suppress the evidence obtained from the search warrant directed to Chase and Credit One banks. Before reaching the merits of his suppression motion, we first address whether it should be brought as a motion to quash or a motion to traverse. The People argue the motion should be deemed a motion to traverse. We agree.

"A defendant moving to *quash* a warrant asserts the warrant on its face lacks probable cause." (*People v. Heslington* (2011) 195 Cal.App.4th 947, 958, fn. 7.) "A defendant moving to *traverse* a warrant 'mount[s] a subfacial challenge, i.e., attack[s] the underlying veracity of statements made on the face of the search warrant application.'" (*Ibid.*) "A defendant who challenges a search warrant based on *omissions* in the affidavit bears the burden of showing an intentional or reckless omission of material information that, when added to the affidavit, renders it insufficient to support a finding of probable cause." (*People v. Scott* (2011) 52 Cal.4th 452, 484 (*Scott*).)

Our review of the moving papers indicates the suppression motion should be deemed a motion to traverse. Meiner is arguing the statement of probable cause omitted material information that the probation search terms did not authorize warrantless search of "financial accounts."

6

Because that information was omitted, there is insufficient competent evidence to support a finding of probable cause.

We thus turn to whether Meiner has shown, by a preponderance of the evidence, an intentional or reckless omission of material information. (See *Scott*, *supra*, 52 Cal.4th at p. 484 ["[T]he defendant must make his showing by a preponderance of the evidence, and the affidavit is presumed valid"].) Meiner produced undisputed evidence that his probation search terms excluded "financial accounts." He also produced the statement of probable cause, wherein the affiant officer admitted being shown the probation terms. The officer also described Apple Pay as a "banking application." Thus, even if there is some confusion on whether a "financial account" is limited only to bank accounts, it was, at a minimum, reckless for the officer to omit the evidence that the Apple Pay account might not be subject to warrantless probation search and the "financial account" exclusion from the affidavit. Given that the only evidence that Meiner used Chase and Credit One, instead of the numerous other banks, was the "fruit" of this illegal warrantless search, it is material information that should have been presented to the magistrate when seeking a search warrant directed to Chase and Credit One. In sum, Meiner has met his burden of proof.

Turning to the merits, we conclude an Apple Pay account is a "financial account" as stated in the probation search terms, when interpreted "on the basis of what a reasonable person would understand from the language of the condition itself." (*People v. Bravo* (1987) 43 Cal.3d 600, 607.) "Financial account" is not defined in Meiner's probation search terms as limited to banking accounts. As commonly used, "financial" means "relating

7

to finance."[3] "Finance" is commonly defined as "the system that includes the circulation of money, the granting of credit, the making of investments, and the provision of banking facilities" or its plural form, finances, as "money or other liquid resources of a government, business, group, or individual."[4] Here, Apple Pay is licensed in California as a *money* transmitter, governed by Financial Code, section 2000 et seq., and regulated by the Department of Financial Protection and Innovation. Additionally, as stated in the warrant application, Apple Pay links to other financial accounts and has the ability to store cash within the application for immediate use. A reasonable interpretation of "financial account" would therefore include an Apple Pay account. Thus, the warrantless probation search of Meiner's Apple Pay account exceeded the scope of the probation search terms.

When this omitted information is included in the warrant application, it renders the application "insufficient to support a finding of probable cause" as to Chase and Credit One. (*Scott*, *supra*, 52 Cal.4th at p. 484.) The reason is that no other information in the application supports a search of Meiner's Chase and Credit One accounts. The information returned from Chase and Credit One therefore must be excluded.

Finally, the district attorney argues exclusion of evidence obtained from Chase and Credit One is not warranted because it is legally debatable whether an Apple Pay account is a "financial account." We disagree

---

[3] (See Meriam-Webster Dict. Online (2026), at https://www.merriam-webster.com/dictionary/financial [as of Mar. 12, 2026], archived at: https://perma.cc/G22Q-VRBQ.)

[4] (See Meriam-Webster Dict. Online (2026), at https://www.merriam-webster.com/dictionary/finance#dictionary-entry-1 [as of Mar.12, 2026] archived at: https://perma.cc/JV4K-MC23.)

that it is legally debatable. In any event, "the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." (*Herring v. United States* (2009) 555 U.S. 135, 144.) Here, as discussed above, the officer was, at a minimum, reckless in omitting information about the limitations on the probation search terms in his statement of probable cause. Thus, application of the exclusionary rule is appropriate.

DISPOSITION

The petition is granted. The superior court is directed to vacate its order and to enter an order granting the motion to suppress the information obtained from Chase and Credit One for the reasons set forth in this opinion. Petitioner shall recover his costs on appeal.


DELANEY, ACTING P.J.


WE CONCUR:


GOODING, J.


SCOTT, J.


9